IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OPAL CHEATOM                                                                                PLAINTIFF

vs.                                         Civil No. 4:09-cv-04121

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

# MEMORANDUM OPINION

Opal Cheatom ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her application for SSI on June 24, 2005. (Tr. 48). Plaintiff alleged she was disabled due to back pain and arthritis. (Tr. 69). Plaintiff alleged an onset date of March 1, 1999. (Tr. 70). This application was initially denied on September 2, 2005 and was denied again on reconsideration on February 3, 2006. (Tr. 35, 39).

On March 29, 2006, Plaintiff requested an administrative hearing on her application. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

32). This hearing was held on March 29, 2007 in Texarkana, Arkansas. (Tr. 346-365). Plaintiff was present at the hearing but was not represented by counsel, however she indicated her desire to proceed without a representative. (Tr. 349). Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. (Tr. 349-365). On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had completed the sixth grade. (Tr. 350).

On June 22, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 14-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 1999. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and degenerative joint disease of the knees. (Tr. 16, Finding 2). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 3).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-20, Finding 4). The ALJ stated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 17).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 16-18, Finding 4). Specifically, the ALJ determined Plaintiff retained the RFC to occasionally lift and carry twenty pounds, and frequently lift and carry ten pounds; sit for about

six hours in an eight-hour workday; and stand and walk for about six hours in an eight-hour workday, along with occasionally stooping and crouching. (Tr. 17, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 20, Finding 5). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 349-350). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a poultry line worker. (Tr. 20). The ALJ determined, considering her RFC, that Plaintiff would be able to perform her PRW. (Tr. 20, Finding 5). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 24, 2005, through the date of the ALJ's decision of June 22, 2007. (Tr. 21, Finding 6).

On July 9, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.984(b)(2). On August 19, 2009, the Appeals Council declined to review this determination. (Tr. 3-5). On November 5, 2009, Plaintiff appealed the ALJ's decision to this Court. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 8, 9. The parties consented to the jurisdiction of this Court on November 16, 2009. ECF No. 5.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in his RFC determination; (2) the ALJ erred by not finding Plaintiff met or equaled a Listing; and (3) the ALJ failed to properly assess Plaintiff's credibility of subjective complaints. In response, Defendant argues: (1) substantial evidence supports the ALJ's RFC determination; (2) the ALJ properly determined Plaintiff did not meet or equal a Listing; and (3) the ALJ properly assessed Plaintiff's credibility of subjective complaints. Because this Court finds there is not substantial evidence to support the ALJ's RFC decision, this Court will only address this claim.

Plaintiff claims the medical evidence does not support the ALJ's RFC finding that Plaintiff could perform work at the light level. Defendant claims substantial evidence supports the ALJ's RFC determination of decision of Plaintiff.

In the present case, Plaintiff filed additional medical evidence with the Appeals Council, which was reviewed and considered prior to the issuance of the Appeals Council's determination. (Tr. 3-6). When "a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. Evidence

obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Id*

When it is clear the Appeals Council has considered newly submitted evidence, this Court does not evaluate the Appeals Council's decision to deny review. Instead, a decision is made on whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992), and *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992). This means there is a need to speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing. *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

The Plaintiff alleged disability in part due to back pain. (Tr. 59). Additional evidence submitted to the Appeals Council indicates treatment for complaints of back pain. (Tr. 307-345). Of particular significance is Plaintiff's lumbar MRI from December 2007, and her follow up treatment with neurologist Dr. Lee Buono.

On December 12, 2007, Plaintiff underwent a lumbar MRI. (Tr. 320). This report showed a moderate disc bulge at the L4-5 level along with moderate to severe spinal canal stenosis. (Tr. 320). On February 20, 2008, Plaintiff was seen by neurologist Dr. Lee Bouno with continued complaints of back pain. (Tr. 335-336). Dr. Bouno requested additional testing and informed Plaintiff to return for reevaluation. (Tr. 335).

On April 2, 2008, Plaintiff returned to Dr. Bouno. (Tr. 334). Dr. Bouno indicated Plaintiff had lateral recess stenosis at L4-5 and a "horrible" facet joint on the right side which was causing all of her back pain. (Tr. 334). Dr. Bouno recommended surgery due to the fact Plaintiff had not received relief from physical therapy or injections. (Tr. 334). On June 12, 2008, Plaintiff underwent

spine fusion surgery on her back at the L4-5 level. (Tr. 340-341).

Given Plaintiff's medical history and the aforementioned evidence submitted to the Appeals Council, this matter should be remanded to the ALJ for further consideration. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). Given the fact that the extent of Plaintiff's back pain was not known or considered by the ALJ, or any of the doctors completing the RFC assessments in this case, it can not be said that the ALJ's RFC assessment is supported by substantial evidence. An "ALJ must not substitute his opinions for those of the physician." *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

Accordingly, remand is necessary to allow the ALJ to obtain a more recent assessment of Plaintiff's ability to function in the work place.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **10th day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE